IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RASHAD LEE, AIS # 213823 | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 10-0661-KD-N |
| WALTER MYERS, et al., | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

I. Complaint as Amended. (Docs. 1, 11, 18, 19).

    A. Proceedings.

Plaintiff filed a complaint and then sought to amend it by adding a defendant. (Docs. 1, 11). Upon review of the motion to add a defendant (doc. 11), the Court ordered plaintiff to file an amended complaint on the Court's complaint form for a § 1983 action and to include all of his claims in the amended complaint. (Doc. 15). Plaintiff filed an amended complaint on the Court's complaint form but did not fully obey the Court's order to include all of his claims in the amended complaint. (Doc. 18). Instead, plaintiff asked the Court to incorporate information contained in his original complaint and in his motion to add a defendant because he did not have access to a typewriter. (Doc. 19). However, inaccessibility to a typewriter is not an excuse for

failing to comply with the Court's order, as plaintiff could have handwritten his amended complaint.

The Court is aware of plaintiff's propensity not to follow instructions, and to handle matters as he sees fit. Previously, plaintiff was sanctioned for submitting forged financial information with his in forma pauperis requests in prior actions by having those actions dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) and having the dismissals treated as strikes for 28 U.S.C. § 1915(g) purposes. Lee v. Myers, CA 10-0396-KD-M (S.D. Ala. Sept. 12, 2011); Lee v. Mills, CA 09-0602-WHA-CSC (M.D. Ala. Jan. 20, 2010).[1] Nonetheless, the Court will address the claims in the original complaint and in the motion to add a defendant in order to make wise use the Court's resources.

B. Complaint. (Doc. 1).

In the original Complaint, plaintiff names as defendants Warden Walter Myers, Sergeant Quentin Curry, Correctional Officer Marvin Boutwell, and Captain Wayne Gray, officials at J. O. Davis Correctional Facility ("J. O. Davis"). (Doc. 1 at 5-6, 8). Plaintiff's claims against these defendants are based on plaintiff's disciplinary conviction for possession of contraband/ communication device for which he received a sentence of twenty-one days' loss of phone and store privileges, twenty-one days' confinement to disciplinary segregation, six months' loss of visitation privileges, and being recommended to classification, with the report noting that he does not receive good time credits. (Disc. Rpt., Doc. 1 at 19-21).

Plaintiff alleges that at 2:00 a.m. on October 24, 2010, he was awakened by defendant Boutwell who retrieved a cell phone from inside plaintiff's mattress. (Doc. 1 at 6, 9). Plaintiff

---

[1] Plaintiff has another strike as a result of the decision in Lee v. Jernigan, CA 06-0134-MHT-CSC (M.D. Ala. Apr. 6, 2006) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted).

said that whoever told defendant Boutwell to come to plaintiff's mattress was the person who put the cell phone there because the cell phone did not belong to him. (Id. at 6). Plaintiff informed defendant Boutwell that others had been on his mattress the night before watching the game. (Id.).

The next day plaintiff found inmate Taite who had been sitting on plaintiff's bed. (Id. at 9). They then went to defendant Gray who heard Taite confess to placing the phone inside plaintiff's mattress without plaintiff's permission or knowledge. (Id. ). Inmate Taite said that he was afraid of getting caught when an officer came in the dorm. (Id.). Defendant Gray told them that sometimes an "inmate[] pays [an]other inmate to take [a] case[] for [him]." (Id. at 8). Inmate Taite said that he did not know plaintiff and did not get paid. (Id.). Defendant Gray said that he would talk to the shift supervisor but just in case he told plaintiff to have questions ready for disciplinary court. (Id.). A week later plaintiff wrote defendant Gray four times, but defendant Gray did not respond even when plaintiff informed him that another inmate was found not guilty based on the same circumstances. (Id. at 8, 9-10).

On October 29, 2010, defendant Curry was the hearing officer for plaintiff's disciplinary hearing during which plaintiff presented inmate Taite's confession and another inmate's testimony. (Id. at 14, 20). Defendant Curry began the hearing by stating that "all of you muther fuckers are guilty because all of ya got phones back there." (Id. at 5). Defendant Curry found plaintiff guilty based on the "Arresting Officer's sworn testimony given under oath that on October 24, 2010 at approximately 2:05 a.m., the Arresting Officer confiscated one cell phone from inside inmate Rashad Lee's bed mattress. The Hearing Officer further [found] that inmate Lee's defense was untruthful and only an attempt to avoid punishment." (Id. at 21). The sentence imposed by defendant Curry was reduced, in part, by defendant Myers from forty-five

3

to twenty-one days' loss of phone and store privileges and from forty-five to twenty-one days' confinement to disciplinary segregation, with the portion of the sentence requiring six months' loss of visitation privileges and being recommended to classification being unchanged. (Disc. Rpt., Doc. 1 at 19-21). In addition, plaintiff states that he and inmate Taite had written to defendant Meyers advising that the cell phone belonged to inmate Taite. (Id. at 5).

For relief, plaintiff requests $1500 in punitive damages from each defendant for the vindictive prosecution, expunction of his disciplinary from his institutional file, and an order directing the Captain and Warden to contact the Parole Board and request that plaintiff be given a new parole hearing because plaintiff was innocent of the disciplinary conviction. (Id. at 7).

C. Motion to Add Defendant (Doc. 11) and Amended Complaint (Docs. 18, 19).

After filing the complaint, plaintiff filed a motion to add defendant (Doc. 11), which sought to add Leroy Dale, Jr., an I & I Investigator, and an order requiring Dale to produce documents requested in plaintiff's motion to compel discovery (Doc. 10). Plaintiff states for his claim against defendant Dale that : "Investigator Dale interviewed [plaintiff] on (2) occasions concerning a cellphone ring operation in the prison and [plaintiff's] allegation that a[n] officer had threatened him along with some inmates to kill him." (Doc. 11 at 1). Upon review of the motion, plaintiff was ordered to file an amended complaint, which he did, but which refers the Court to the allegations in the original complaint and motion and provides no additional information. (Docs. 18, 19).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint as amended (Docs. 1, 11, 18, 19) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v.

Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 662 U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998),

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

overruled on other grounds by Iqbal, 129 S.Ct. 1937. Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Analysis.

    A. Disciplinary Conviction for Possession of Contraband.

        1. Due Process Claim.

Plaintiff is challenging a disciplinary that did not result in the loss of good-time credits. Rather, plaintiff's disciplinary sentence required that he be confined to disciplinary segregation for twenty-one days, and lose twenty-one days of phone and store privileges and six months of visitation privileges. (Doc. 1 at 21). Based on the facts surrounding the disciplinary, plaintiff has identified claims for a due process violation, malicious prosecution, discrimination, denial of equal protection, and cruel and unusual punishment.

Under the decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), an inmate must demonstrate a "grievous loss" in a disciplinary proceeding in order for a liberty interest to be found to which due process attaches. In Sandin, supra, when an inmate challenged his thirty-day segregation sentence based on a due process violation, the Supreme Court was unable to find a right inherent in the Due Process Clause not to be placed in disciplinary segregation and a state-created liberty interest to be free from disciplinary segregation. Id. at 487, 115 S.Ct. at 2302. In concluding that no liberty interest was implicated by the inmate's placement in disciplinary segregation, and thus no due process was required, the Court stated its holding was a return to the due process principles of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), that required an inmate to suffer a "grievous loss" before a liberty

interest could be found.  Sandin, 515 U.S. at 478-83, 115 S.Ct. at 2297-2300 (recognizing that the good-time credits were a state-created liberty interest and their deprivation would be a "grievous loss").  The Sandin Court ruled that in the future liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 480, 484, 115 S.Ct. at 2298, 2300 (citations omitted).  The Court concluded confinement to disciplinary segregation was not a dramatic departure from the ordinary conditions of incarceration, was the type of discipline a prisoner should expect as an incident to his criminal sentence, and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  Id. at 485-86, 115 S.Ct. at 2301.

In the present action, plaintiff's confinement to disciplinary segregation for twenty-one days did not deprive plaintiff of a liberty interest inherent in the Constitution.  Similarly, there is no state-created liberty interest present because plaintiff's allegations do not include information on which a liberty interest could be found.[3]  Thus, plaintiff's segregation confinement did not deprive him of a liberty interest to which due process could attach.  Accordingly, plaintiff has failed to state a claim upon which can be granted.  *Compare* Williams v. Fountain, 77 F.3d 372, 374, n.3 (11th Cir.) (finding that twelve months of solitary confinement "'represent[s]

---

[3] Plaintiff's request for another parole hearing is not being treated by the Court as a claim that he has a liberty interest in parole.  Plaintiff merely requests that he be granted a new parole hearing and does not provide information indicating that he has a liberty interest in parole.  And the law is established that he does not have a liberty interest in parole in Alabama.  Greenholtz v. Inmates of The Neb. Penal and Corr. Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (finding no inherent constitutional right to parole); Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982) (finding that no state-created liberty interest existed in parole in Alabama); Carey v. Wynn, No. 2:07-cv-1106-MHT, 2011 WL 738872, at *4 (M.D. Ala. Jan. 31, 2011) (unpublished) (same).

substantially more atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life,' [and] we assume that [a prisoner suffering such] a liberty deprivation [is] entitled to due process"), cert. denied, 519 U.S. 952 (1996), with Sandin, 515 U.S. at 475, 487, 115 S.Ct. at 2296, 2302 (finding a thirty-day disciplinary sentence did not violate the Constitution or impinge upon a state-created liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest).

Plaintiff's twenty-one day loss of phone and store privileges and six-month loss of visitation privileges are not liberty interests to which due process attaches, either under the Constitution or by the State's creation. The Court finds the Constitution does not grant an inmate a right in visitation, store, and telephone privileges. See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (finding no loss of liberty or property when prisoner received as part of his disciplinary punishment a two-week loss of commissary privileges); Walker v. Loman, CA 06-0896-WKW, 2006 WL 3327663, at *1, *3 (M.D. Ala. Nov. 15, 2006) (unpublished) (holding the 90-day loss of store, telephone and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest); see Overton v. Bazzetta, 539 U.S. 126, 131, 134, 123 S.Ct. 2162, 2167, 2168, 156 L.Ed.2d 162 (2003) (upholding a two-year restriction on visitation privileges for two substance abuse violations because the object of prison is confinement which requires the surrendering of liberties and privileges enjoyed by other citizens, with being able to freely associate being least compatible right). Moreover, the Alabama courts have determined a

prisoner does not have a state-created liberty interest in store, telephone and visitation privileges. Dumas v. State, 675 So.2d 87, 88 (Ala. Crim. App. 1995).

An inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life. Sandin, 515 U.S. at 485, 115 S.Ct. at 2301. The further restriction of these privileges for a short period of time is a less severe punishment than confinement to disciplinary segregation. Such restriction is not "atypical," nor is it a "significant hardship" under the Sandin analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence. See Id. at 475, 485, 115 S.Ct. at 2296, 2301. Thus, plaintiff does not have a liberty interest in phone, store, and visitation privileges to which due process could attach.

In regard to a claim for a violation of due process, plaintiff does not specifically identify the due process violation. Based on a liberal construction of his allegations, the Court deduces that plaintiff believes that he is innocent of the disciplinary conviction and possibly that the hearing officer was biased. However, a claim for a violation of due process requires that there to be a protected liberty interest to which due process could attach. Plaintiff's allegations do not reflect that he had a protected liberty interest as discussed above. That is, plaintiff has not lost good time credits and he does not allege "that he suffered any disciplinary action that was in excess of the sentence he was serving or was an atypical and significant hardship[.]" Nelson v. Green, No. 04-14933, 2005 WL 3116747, at *2 (11th Cir. Nov. 23, 2005) (unpublished) (citing Sandin, 515 U.S. at 484, 115 S.Ct. at 2300).[4] Therefore, the Court is prohibited from considering whether there was a due process violation in the absence of a protected liberty interest.

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2 (2005).

9

McKeithan v. Jones, 212 F.App'x 129, 130 (3d Cir. 2007) (unpublished) (finding that six months' confinement to disciplinary segregation did not violate a protected interest and, therefore, Sandin prohibited the court "from considering whether the misconduct decision was supported by 'some' evidence" on the inmate's due process claim); Hartley v. McNeil, No. 07cv101/RS-EMT, 2008 WL 1844416, at *3 (N.D. Fla. Apr. 23, 2008) (unpublished) (because the plaintiff did not have a liberty interest under Sandin, supra, the protections offered by Wolff, supra, and Hill, infra, did not apply).[5]

2. Eighth Amendment Claim.

Plaintiff further alleges that he has a claim for cruel and unusual punishment. In order to state a claim for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, plaintiff must allege an objectively, "sufficiently serious" deprivation that has resulted from the denial of "the minimal civilized measure of life's necessities" by prison officials. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (citations and quotation marks omitted). Plaintiff, however, has not alleged any conditions showing that he has been denied "the minimal civilized measures of life's necessities." Whereas, "restrictive conditions of confinement [can be imposed] upon plaintiff without violating the Eighth Amendment, as long as those conditions do not involve the wanton and unnecessary

---

[5] Assuming arguendo that plaintiff had been deprived of a liberty interest, the decision in Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), would apply to plaintiff's claim that he is innocent, which the Court construes as a sufficiency of the evidence claim. In order to satisfy due process, the Hill decision requires a finding of "some evidence" in the disciplinary report to support a disciplinary conviction revoking good-time credits. Id. In the present action, the disciplinary report reflects that there was some evidence in the record to support the hearing officer's decision, namely, defendant Boutwell's testimony. Thus, such a claim would fail even assuming plaintiff had established the existence of a liberty interest. See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998) (even though the plaintiff argued no evidence supported his disciplinary, the Fifth Circuit affirmed the district court's decision based on Sandin, and opined that "[e]ven if a constitutional liberty interest is implicated by Black's challenge to the disciplinary decision on the ground that no evidence supports the charge, the record reveals that 'some evidence' supports the charge.").

10

infliction of pain or are not grossly disproportionate to the severity of the crime warranting imprisonment." Abbott v. McCotter, 13 F.3d 1439, 1441-42 (10th Cir. 1994) (citations and quotation marks omitted); see Overton, 539 U.S. at 136, 123 S.Ct. at 2170 (ruling that the two-year restriction of no visiting privileges for two substance abuse violations did not violate the Eighth Amendment even though it will make the prisoner's confinement more difficult). Here, plaintiff has not alleged that he suffered pain that was wanton or unnecessary or that the treatment is grossly disproportionate to his conviction. See Id. Accordingly, plaintiff has failed to state a claim for a violation of the Eighth Amendment.

    3. Equal Protection Claim.

Plaintiff also alleges that he has been discriminated against and denied equal protection of the law, which the Court is treating as one claim for the denial of equal protection. In order for a prisoner to state an equal protection claim, he must establish: "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting Damiano v. Florida. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)). In the present action, plaintiff has not provided facts that would support a claim for the denial of equal protection. He argues that another inmate was found not guilty on the same facts and attached a copy of that inmate's disciplinary report. (Doc. 1 at 11, 22-24). But plaintiff does not identify a constitutionally protected reason for which he received unequal treatment. The only constitutionally protected reason that briefly appears in plaintiff's allegations is race, and this reference was made in passing. (Doc. 1 at 6). The Court will examine the information provided by plaintiff in order to liberally construe an equal protection claim inasmuch as plaintiff has not plainly presented one.

The other inmate to whom plaintiff compares his disciplinary conviction, Thomatra Loftin, is identified as a black male on the Alabama Department of Corrections' ("ADOC") website and Loftin's disciplinary report indicates in his AIS number that he is black and he is incarcerated at J. O. Davis, an institution for the incarceration of males. Plaintiff's disciplinary report (Doc. 1 at 19-21) and ADOC's website likewise indicate that he is a black male, and plaintiff has referred to himself as black, i.e., defendant Boutwell told him to "get your black ass up." (Doc. 1 at 6). This quote is the only reference by plaintiff to his race. Thus, plaintiff does not satisfy the requirement that he received unequal treatment on account of a constitutionally protected reason. That is, he did not receive unequal treatment because his race is the same as the individual to whom he compares his disciplinary. Accordingly, due to plaintiff's failure to identify a constitutionally protected reason for which he received unequal treatment, plaintiff's equal protection claim fails to state a claim upon which relief can be granted. It is, therefore, unnecessary to address whether circumstances of the disciplinaries are the same.

    4. <u>Malicious Prosecution Claim</u>.

Plaintiff also identifies a malicious prosecution claim. However, there are no facts specifically identified to support such a claim. Therefore, based on a review of his allegations, the Court construes plaintiff's malicious prosecution claim to be based on his position that he was innocent of the disciplinary charge. If the Court was to rule favorably on such a claim, it would have the effect of undermining plaintiff's disciplinary conviction. Therefore, plaintiff must show that his disciplinary conviction has been invalidated in order to state a malicious prosecution claim. <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (finding that a prisoner's § 1983 claim for malicious prosecution was without merit because his claim that the hearing officer was biased and deceitful in the disciplinary, where he lost good-

time credits, would have undermined the disciplinary conviction, and he had not shown that his disciplinary conviction had been previously invalidated); see also Heck v. Humphrey, 512 U.S. 477, 484, 489, 114 S.Ct. 2364, 2371, 2373, 129 L.Ed.2d 383 (1994) (like a common-law claim for malicious prosecution that requires the accused prove the termination of criminal proceedings in his favor, a § 1983 claim for malicious prosecution also requires as an essential element that the plaintiff prove the termination of criminal proceedings in his favor or a § 1983 cause of action does not exist). Thus, in the absence of information showing that plaintiff's disciplinary has been invalidated, his claim for malicious prosecution fails to state a claim upon which relief can be granted.

  B. <u>Claim Against Leroy Dale, Jr</u>. (Doc. 11).

  In plaintiff's motion to add defendant, he alleges that "Investigator Dale interviewed [plaintiff] on (2) occasions concerning a cellphone ring operation in the prison and [his] allegations that a[n] officer had threatened him along with some inmates to kill him." (Doc. 11 at 1). No further information is provided about this claim in plaintiff's subsequent amended complaint. (Docs. 18, 19). As stated, this claim fails to show a deprivation of any constitutional or federal right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (ruling that in order to state a claim under § 1983, a plaintiff must establish that the complained of conduct "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States"), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Accordingly, plaintiff has failed to state a claim upon which relief can be granted against defendant Dale.

IV. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 29th  day of November, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.**Objection.** Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).